UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PAUL F. MEYERS,

        Plaintiff,

v.

CHRISTINA KISHIMOTO, NATASHA DURANT, JENNIFER ALLEN, KEVIN MCCASKILL, MILLY RAMOS, JANET SERANNO, and CITY OF HARTFORD,

        Defendants.

3:14-cv-00535 (CSH)

### RULING ON DEFENDANT CITY OF HARTFORD'S MOTION TO QUASH

HAIGHT, Senior District Judge:

    Defendant City of Hartford (the "City") moves pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure to quash a subpoena directed at the City's attorney in this matter, Melinda B. Kaufmann, seeking a deposition and the production of documents. Doc. 36. Specifically, the subpoena, dated October 29, 2015, seeks to compel Attorney Kaufmann's testimony as to "what [she] know[s] in a civil action before the United States District Court between Meyers v. Kishimoto et al.," and also commands her to produce the following documents:

> All documents, notes, whether electronic, handwritten, or otherwise, records, reports or journal entries, files, phone messages, policy letters, or recordings, regarding your investigation and termination of Paul Meyers.

Doc. 36-1.

    The City argues that because the subpoena targets the City's attorney—both with respect to actions she has taken in relation to the substantive factual allegations of the amended complaint as well as her representation in the instant matter—any testimony or information sought will be

protected by the attorney-client privilege, the work-product privilege, or both. The City thereby argues that, pursuant to Rule 45, this court must quash the subpoena. Plaintiff has not opposed the motion, which, it should be noted, provides the Court with an independently sufficient ground to grant the motion pursuant to this District's Local Rules. Local Rule 7(a) provides that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." For the reasons discussed below, the Court grants the motion.

Fed. R. Civ. P. 45(d)(3) governs the quashing or modification of subpoenas issued in civil litigation. Specifically, Rule 45(d)(3)(A)(iii) states that a district court "[o]n timely motion . . . *must* quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies" (emphasis added). The Second Circuit has acknowledged the "disfavor with which the practice of seeking discovery from adversary counsel is regarded," but, at the same time, has seemingly rejected any strict limit as to such discovery. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003).[1] Accordingly, in *Friedman*, the Second Circuit directed judges to administer a "flexible approach," taking into account considerations such as "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.* at 72.

---

[1] I say "seemingly" because, in *Friedman*, the court acknowledged that its entire analysis was "dicta" and a "non-binding discussion of the merits" given that the attorney at issue had agreed to be subject to the requested discovery prior to the Second Circuit's decision, mooting the appeal. 350 F.3d at 72 n.4. While not "binding" in a technical sense, I find *Friedman*'s reasoning persuasive, especially because the Second Circuit has never disavowed its principles and that it has been relied on by district courts in this Circuit. *See, e.g.*, *Chevron Corp. v. Donzinger*, 2013 WL 1087236, at *23-24 (S.D.N.Y. Mar. 15, 2013).

The City argues that these balancing considerations tip decidedly in favor of quashing Plaintiff's subpoena. The City posits that Plaintiff only seeks from Attorney Kaufmann "information relative to [her] involvement as legal counsel," that she "has been representing the defendants since the inception of this litigation," and that "there is no information that [she] possesses that cannot be obtained through other means and/or parties to this litigation." Doc. 36, at 5-6.

Plaintiff, by not opposing the motion, has not proffered anything to the contrary. For example, Plaintiff has not demonstrated that any "exception or waiver" applies to either of the privileges proffered by the City, as it must pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii). Nor is any privilege exception or waiver readily apparent. There is nothing on the record to rebut the facially proper invocation of the attorney-client and work-product privileges over information in the control of an attorney that both represented the City with respect to at-issue conduct and continues to represent the City in this action. Further, by not opposing the motion, Plaintiff has failed to rebut the City's argument that Plaintiff can access all of the information it seeks from Attorney Kaufmann through other sources.

Accordingly, after "consideration [of] all of the relevant facts and circumstances" before it, *Friedman*, 350 F.3d at 72, the Court grants the City's motion to quash the subpoena directed at Attorney Kaufmann.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
      **January 20, 2016**

                                                   /s/ *Charles S. Haight, Jr.*
                                                   **Charles S. Haight, Jr.**
                                                   **Senior United States District Judge**